**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDWIN GUSTAVO ZACARIAS CHILEL,<br><br>Petitioner,<br><br>v.<br><br>SAM OLSON, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, United States Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and WARDEN DOE, Warden of Broadview Processing Center.<br><br>Respondents. | No. 25 CV 13590<br><br>Judge Georgia N. Alexakis |

## ORDER

Petitioner Edwin Gustavo Zacarias Chilel, a citizen of Guatemala, was arrested by federal agents on November 5, 2025, in Glendale Heights, Illinois, while working as a landscaper. [1] ¶¶ 16, 41–42, 44. Zacarias Chilel was initially detained at an Immigration and Customs Enforcement ("ICE") facility in Broadview, Illinois, *id.* ¶¶ 1, 46, and remains in federal custody, without an opportunity to post bond, to be released on other conditions, or for a bond re-determination hearing before an immigration judge. *Id.*; [8]. On November 5, 2025, Zacarias Chilel filed a petition for a writ of habeas corpus. [1].

The government's response to the petition wholesale references a brief opposing a petition for a writ of habeas corpus that the government filed in *H.G.V.U. v. Smith, et al.*, No. 25 C 10931 (N.D. Ill.), and it does not dispute the facts set forth in Zacarias Chilel's petition. The Court therefore presumes that the pertinent facts set forth in the petition are true.

The same arguments the government presented in *H.G.V.U.* have been presented in numerous other cases throughout this District. In each of those cases,

district courts have rejected respondents' arguments and granted the petitions for writs of habeas corpus. *See, e.g.*, *Ochoa Ochoa v. Noem*, 25 CV 10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases both in this District and around the country) (Jenkins, J.); *H.G.V.U. v. Smith*, 25 CV 10931, 2025 WL 2962610, at *6 (N.D. Ill. Oct. 20, 2025) (Coleman, J.); *G.Z.T. v. Smith*, 25 C 12802, Doc. 14 at 3 (N.D. Ill. Oct. 21, 2025) (Ellis, J.); *Miguel v. Noem*, 25 C 11137, 2025 WL 2976480, at *1 & n.1 (N.D. Ill. Oct. 21, 2025) (collecting cases) (Alonso, J.); *Padilla v. Noem*, 25 CV 12462, 2025 WL 2977742, at *2 (N.D. Ill. Oct. 22, 2025) (Coleman, J.); *Patel v. Crowley*, 25 C 11180, 2025 WL 2996787, at *9 (N.D. Ill. Oct. 24, 2025) (Cummings, J.); *Torres Maldonado v. Crowley*, 25-cv-12762, Doc. 16 at 2 (N.D. Ill. Oct. 24, 2025) (Daniel, J.); *Amigon Sanchez v. Olson*, 25 CV 12453, 2025 WL 3004580, at *3–4 (N.D. Ill. Oct. 27, 2025) (Jenkins, J.); *Corona Diaz v. Olson*, 25 CV 12141, 2025 WL 3022170, at *6 (N.D. Ill. Oct. 29, 2025) (Shah, J.). As of the publication of this Order, the Court is not aware of any courts in this District that have held otherwise. Nor is it aware of a contrary decision from any court of appeals.

The Court followed suit in its recent order granting a petition for writ of habeas corpus in *Quintana Garcilazo v. Olson, et al.*, 25 CV 13321, Doc. 7 (Oct. 31, 2025). For the reasons discussed below—which mirror the rationale reflected in these other cases—Zacarias Chilel's petition is granted.

### STATEMENT

Earlier this year, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone who had entered the United States without inspection to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A), and therefore subject to mandatory detention without a bond hearing. The Board of Immigration Appeals ("BIA") later ruled that, under that same statute, immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216, 225 (BIA 2025).

Zacarias Chilel entered the United States more than 19 years ago without inspection and has remained here since. [1] ¶ 41; [11] at 5. He has a 10-year-old child born in the United States and a 19-year-old son, and he has been employed as a landscaper. [1] ¶¶ 44–45. He was detained by federal agents on November 5, 2025, in Glendale Heights, Illinois, while at work, *id.* ¶¶ 42, 44, and has not been afforded the opportunity for a bond redetermination hearing, *id.* ¶ 46; [8]. He now seeks immediate release or, alternatively, a bond hearing before an Immigration Judge. *Id.* ¶ 8; *see also id.* at Prayer for Relief.

First, as the Court articulated in *Quintana Garcilazo,* the proper respondent is the petitioner's immediate custodian. 25 CV 13321, Doc. 7 at 3. Kristi Noem, the United States Department of Homeland Security, Pamela Bondi, the Executive Office

for Immigration Review, and "Warden Doe" are therefore dismissed from this matter and will be removed from the case caption. As of November 11, 2025, the online ICE inmate locator does not reflect any location for Zacarias Chilel. That very well may be the result of an administrative or technical error; the record before the Court does not otherwise indicate that Zacarias Chilel is anywhere other than in the custody of ICE. On November 7, 2025, respondents represented that although Zacarias Chilel had been scheduled to be detained at the North Lake Processing in Baldwin, Michigan, ICE instead would detain Zacarias Chilel in a location in Indiana or Wisconsin to comply with an earlier order from the Court. [8]; *see also* [4]. Because Zacarias Chilel's immediate custodian is therefore unknown, the Court treats as the appropriate custodian Zacarias Chilel's last known custodian while he was detained at the ICE facility in Broadview: Sam Olson, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement. *See Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *4-*6 (4th Cir. July 1, 2025) (case involved moment of ICE detention).

Next, the Court excuses Zacarias Chilel from the futile exercise of administratively exhausting his claim to the BIA for the reasons it has previously articulated. 25 CV 13321, Doc. 7 at 3–4.

The Court is not divested of jurisdiction by operation of 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), or 1252(g), as Zacarias Chilel is challenging the lawfulness of his detention without the opportunity for bond—not any of the decisions set beyond the reach of the Court's jurisdiction in the referenced clauses. *See Quintana Garcilazo,* 25 CV 13321, Doc. 7 at 3.

And for the same reasons previously articulated, *id.* at 4, the Court holds that § 1226(a) governs Zacarias Chilel's detention. Zacarias Chilel has resided in the United States for at least 19 years. He is no longer "seeking admission," so § 1225 does not govern his detention. He is instead an "applicant for admission," so § 1226(a) governs his detention.

It is unclear whether Zacarias Chilel was arrested with or without a warrant. But in any event, he has entered the country, so the Due Process Clause applies to him as a "person" within the United States, regardless of his legal status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Court therefore applies the three-part framework set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (the determination as to what process is due requires a balancing of the private interest at stake in the deprivation; the risk of an erroneous deprivation and the value, if any, of additional procedural safeguards; and the government's countervailing interests). Zacarias Chilel's liberty and the well-being of his family, which includes his U.S.-born minor child, are at stake. [1] ¶ 45. The risk of erroneously depriving Zacarias Chilel of his liberty is overwhelming, and the government suggests no procedural safeguards that could mitigate it. Nor has the government set forth any countervailing interests.

Indeed, the government should have its own "substantial interest in credible, transparent, and accountable law enforcement efforts. The government has an even greater interest in upholding the fundamental principles set forth in the U.S. Constitution, which includes the due process of law." *Torres Maldonado*, 25-cv-12762, Doc. 16 at *2.

## CONCLUSION

The Court therefore holds that Zacarias Chilel's detention deprives him of due process. For that reason, and those expressed above, the Court grants his petition for writ of habeas corpus. [1]. The Court orders the government to provide Zacarias Chilel with a release hearing under § 1226(a) within five days of this order or otherwise to release him. Respondents Kristi Noem, the United States Department of Homeland Security, Pamela Bondi, the Executive Office for Immigration Review, and "Warden Doe" are dismissed from this matter. The Court declines to issue attorney's fees. Because this order provides the full relief to which Zacarias Chilel is entitled, the Clerk shall enter a final judgment order in favor of petitioner and terminate this civil case.

Date: November 11, 2025

Georgia N. Alexakis
United States District Judge